UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                            :
SAVINO BRAXTON,             :
                            :
         Petitioner,        :   Civ. No. 17-6260 (NLH)
                            :
    v.                      :   OPINION
                            :
WARDEN DAVID E. ORTIZ,      :
                            :
         Respondent.        :
_____:

APPEARANCES:
Savino Braxton
27314-037
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

   Petitioner Savino Braxton, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, requesting a reduction in sentence or release from prison based on inadequate medical care. (ECF No. 1.)

   The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a

prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis. Specifically, he failed to submit the required account certification. L. Civ. Rule 81.2(b).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

2

within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

Dated: August 22, 2017
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).